## Smith v. Sechrist.

*Charles W. Eaby,* for rule; *William C. Rehm,* contra.

LANDIS, P. J.—On Nov. 20, 1925, the plaintiff commenced an action of trespass against the defendant before an alderman of the City of Lancaster to recover for certain labor and repairs to plaintiff's automobile, rendered necessary by reason of the defendant's running into the plaintiff's said car. The amount claimed was $38.73, and judgment was entered in his favor for that amount. On Dec. 9, 1925, the defendant appealed, and the appeal was duly entered in this court. On Dec. 14, 1926, the plaintiff filed his statement, in which, in addition to the damages sued for, he claimed $100 for loss in the value of the machine by reason of the collision. On Dec. 22, 1926, counsel for the defendant asked for a judgment in his favor because the damages now claimed exceed the amount for which a plaintiff may sue, under the 30th section of the Act of June 14, 1923, P. L. 718, before any alderman, magistrate or justice of the peace.

Of course, no such action can be taken by this court, for, under any circumstances, I know of no warrant for it. The Act of 1923 provides:

"Section 30. . . . All civil actions for damages arising from the use and operation of any motor-vehicle may, at the discretion of the plaintiff, be brought before any alderman, magistrate or justice of the peace in the county where the alleged damages were sustained, if the plaintiff has had such damages repaired and shall produce a receipted bill for the same, properly sworn to by the party making such repairs or his agent, or said action may be brought in the Court of Common Pleas of said county and service of process in either case may be made by the sheriff of the county where the suit is brought, deputizing the sheriff of the county wherein the defendant or his registered agent resides, or where service may be had upon him under the

existing laws of this Commonwealth, in like manner as process may now be served in the proper county; provided, that no action involving more than $100 shall be brought before any alderman, magistrate or justice of the peace."

The suit in this case, as shown above, was brought for less than $100 and falls within the terms of the act. It is true that the statement makes claim for a larger sum. A recovery cannot, however, be had for the amount thus claimed. The way, as I think, to reach that difficulty is by a motion to strike it from the statement, and not by a motion for judgment for defendant.

It may be that the above-named section of the Act of 1923 is unconstitutional; but I am not at this time deciding that point. The question is not properly before us. In Campbell v. Krautheim, 4 D. & C. 577, Lewis, J., of Philadelphia, concluded that the act was not unconstitutional from any defect in its title.

The motion is dismissed.

From George Ross Eshleman, Lancaster, Pa.